UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO MILES,

      Plaintiff,

v.

CITY OF DETROIT, et al.,

      Defendants.

_____/

Case No. 22-10272
Honorable Victoria A. Roberts

**ORDER: (1) GRANTING APPLICATION TO PROCEED
*IN FORMA PAUPERIS* [ECF No. 2]; (2) *SUA SPONTE*
DISMISSING THE COMPLAINT [ECF No. 1]; and (3) DEEMING
MOOT MOTION FOR PRELIMINARY INJUNCTION [ECF No. 3]**

On February 10, 2022, Plaintiff Mario Miles ("Plaintiff") initiated this

action by filing this Court's form "*Pro Se* Complaint and Request for

Injunction" against: (1) the City of Detroit; (2) Mayor Michael Duggan; (3)

Detroit Chief of Police James White; (4) Detective Lestine Gilbert; (5)

Commander Tiffany Stewart; (6) John L. Williams; and (7) unknown

arresting officers from the 10th Precinct.  Although no suit had been filed in

state court to remove, Plaintiff crossed off the title "Complaint and Request

for Injunction" on the first page of the form and wrote "Notice of Removal."

The Court construes Plaintiff's filing as a complaint.

Plaintiff also filed an application to proceed *in forma pauperis* and a motion for preliminary injunction to preserve the status quo.

The Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* [ECF No. 2].

However, the Court **DISMISSES** Plaintiff's complaint because it is frivolous and it fails to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's motion for preliminary injunction [ECF No. 3] is **MOOT**.

When a plaintiff proceeds *in forma pauperis*, the Court must screen the complaint and dismiss the case if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although the Court construes a *pro se* plaintiff's complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that "leniency . . . is not boundless," and "basic pleading standards" still must be satisfied.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  Specifically, a *pro se* plaintiff's complaint still "must plead facts sufficient to show a legal wrong has been

committed from which plaintiff may be granted relief." *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

On November 29, 2021, Detroit Police officers arrested Plaintiff for squatting in a residence located at 1166 Edison Street in Detroit. The officers acted pursuant to an arrest warrant signed by a Wayne County judge on November 16, 2021.

Plaintiff says 1166 Edison Street is his "residential premises." He claims he "acquired the property under adverse possession" by taking possession of it on October 19, 2021 and filing adverse possession documents with Wayne County Recorder's Office on October 22, 2021. [ECF No. 1, PageID.13]. Plaintiff also says he informed officers at the Detroit Police Department's 3rd Precinct of his adverse possession on October 21, 2021 – two days after he took possession of the property.

Plaintiff alleges the officers unlawfully ejected him from the property and unlawfully arrested and imprisoned him. He also alleges defendants filed a false report against him for squatting and issued a false warrant for his arrest.

Plaintiff sets forth thirty-seven counts in his complaint. Plaintiff alleges the following claims, among others, against defendants: "forceable entry and unlawful ejectment," conversion of property, kidnapping, human

3

trafficking, enticement into slavery, involuntary servitude, "acts of Piracy under the law of Nations," and domestic terrorism.

Plaintiff asks the Court to enter an order requiring "all Unauthorized Person(s)" to vacate 1166 Edison Street within 24 hours and directing that he be returned to the property within 48 hours.  He also requests a restraining order against the Detroit Police Department and $151,875,000 in damages.

Construing the complaint liberally, the Court finds that Plaintiff's claims lack an arguable basis in fact or law.  Plaintiff did not – and could not have – acquired legal interest in the property by adverse possession in the three days from when he took possession of it (i.e., on October 19, 2021) and filed documents with the recorder's office (i.e., on October 22, 2021).  Plaintiff's complaint is frivolous, fails to state a claim on which relief may be granted, and must be dismissed.

The Court **DISMISSES** this case pursuant to § 1915(e)(2)(B).

Moreover, the Court **CERTIFIES** that any appeal of this order would be frivolous and would not be taken in good faith; thus, an appeal may not be taken *in forma pauperis*.  *See* 28 U.S.C. § 1915(a)(3).

Plaintiff's motion for preliminary injunction [ECF No. 3] is **MOOT**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 1, 2022