UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO MILES,

    Plaintiff,

v.                                      Case No. 22-10272
                                          Honorable Victoria A. Roberts

CITY OF DETROIT, et al.,

    Defendants.
_____/

**ORDER: (1) DENYING MOTION FOR DISQUALIFICATION OF JUDGE [ECF No. 7]; AND (2) DENYING PLAINTIFF'S "EMERGENCY MOTON TO CORRECT ERROR IN THE NATURE OF WRIT OF ERROR CORAM NOBIS" [ECF No. 8]**

**I.  INTRODUCTION**

On March 1, 2022, the Court entered an order: (1) granting Plaintiff's application to proceed *in forma pauperis*; and (2) *sua sponte* dismissing Plaintiff's complaint as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Before the Court are Plaintiff's: (1) motion for disqualification of Judge Victoria A. Roberts [ECF No. 7]; and (2) "Emergency Moton to Correct Error in the Nature of Writ of Error Coram Nobis" [ECF No. 8]. The Court construes the second motion as one for relief from judgment or final order under Fed. R. Civ. P. 59(e) or 60(b).

## II.   ANALYSIS

### A.   Plaintiff's Motion for Disqualification of Judge

Plaintiff moves to disqualify the undersigned under 28 U.S.C. §§ 144 and 455.  He says the undersigned has exhibited prejudice that has greatly affected his rights.  Plaintiff's motion lacks merit.

Disqualification under § 144 and § 455 "must be predicated upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Green v. Nevers*, 111 F.3d 1295, 1303–04 (6th Cir. 1997) (internal quotation marks and citations omitted).  Section 455 provides that a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Section 144 similarly requires a judge to disqualify herself if a party demonstrates that she has a personal bias or prejudice either against him or in favor of any adverse party.  28 U.S.C. § 144.

As the movant, Plaintiff has the burden to demonstrate "a basis for disqualification through objective evidence of personal bias." *Lessard v. City of Allen Park*, 249 F. Supp. 2d 871, 876 (E.D. Mich. 2003); *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999).  The Court must

accept facts stated with particularity as true. *City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir.1980). However, conclusory statements, rumors, opinions, and beliefs are not sufficient to form a basis for disqualification. *Id.*; *Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990); *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001) ("[T]he only mention of personal bias in the affidavit is the statement by [plaintiffs'] counsel that he 'perceived' that the district judge had an 'animus' toward him. Such a conclusory statement does not establish bias for the purposes of a motion to recuse."). Moreover, adverse rulings are not by themselves sufficient to establish bias or prejudice for disqualification. *See Ullmo*, 273 F.3d at 681; *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956).

Plaintiff fails to demonstrate any of the factors requiring disqualification under §§ 144 and 455. Plaintiff does not show that the Court harbors "any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...." 28 U.S.C. § 455(b)(1). Indeed, construed in the most liberal light, it is evident that Plaintiff simply disagrees with the Court's dismissal of his complaint for failure to state a claim.

Because Plaintiff fails to demonstrate that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," he has not presented a factual basis to support a motion under § 144 or § 455. *See United States v. Surapaneni*, 14 Fed. Appx. 334, 337 (6th Cir. 2001).

The Court DENIES Plaintiff's motion for disqualification of judge.

## B.  Plaintiff's Motion for Relief from Judgment or Final Order

Plaintiff's motion for relief from judgment or final order is also DENIED.

In the order dismissing the complaint, the Court held:

> Construing the complaint liberally, . . .  Plaintiff's claims lack an arguable basis in fact or law.  Plaintiff did not – and could not have – acquired legal interest in the property by adverse possession in the three days from when he took possession of it (i.e., on October 19, 2021) and filed documents with the recorder's office (i.e., on October 22, 2021).  Plaintiff's complaint is frivolous, fails to state a claim on which relief may be granted, and must be dismissed.

[ECF No. 5, PageID.156].

Plaintiff says the order is void because the Court committed a plain error.  However, Plaintiff fails to show the order contains any error.  Contrary to Plaintiff's suggestion, he is not entitled to notice and an opportunity to correct any deficiencies before the Court dismisses an action pursuant to 28 U.S.C. § 1915.  Moreover, Plaintiff is wrong that "a pro se

4

complaint cannot be dismissed for failure to state a claim." [*See* ECF No. 8, PageID.170].

## III. CONCLUSION

The Court **DENIES** Plaintiff's: (1) motion for disqualification of Judge Victoria A. Roberts [ECF No. 7]; and (2) "Emergency Moton to Correct Error in the Nature of Writ of Error Coram Nobis" [ECF No. 8].

As with the previous order, the Court **CERTIFIES** that any appeal of this order would be frivolous and would not be taken in good faith; thus, an appeal may not be taken *in forma pauperis*.  See 28 U.S.C. § 1915(a)(3).

**IT IS ORDERED**.

S/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  March 28, 2022